UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

    - v. -

GRACE AHADZIE,

                  Defendant.

13 Cr. 123 (PAE)

------------------------------------------------------------------X

## GOVERNMENT'S SENTENCING MEMORANDUM

                                  PREET BHARARA
                                  United States Attorney for the
                                  Southern District of New York
                                  One St. Andrew's Plaza
                                  New York, New York 10007

Carolina A. Fornos
Assistant United States Attorney
- Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 10, 2013

**VIA ELECTRONIC MAIL AND ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Grace Ahadzie**,
             S1 13 Cr. 123 (PAE)

Dear Judge Engelmayer:

      The Government respectfully submits this memorandum in advance of the sentencing of Grace Ahadzie (the "defendant"), scheduled for 3:30 p.m. on Thursday, October 17, 2013, and in response to the defendant's sentencing submission dated August 22, 2013 ("Def. Mem."). The applicable Guidelines Range in this case, as agreed to by the parties, is 8 to 14 months' imprisonment. The Presentence Investigation Report ("PSR") submitted by the Probation Office recommends a sentence of three years of supervised release, with a special condition of 8 months' home confinement. The defendant seeks a non-custodial sentence of one year of probation. (Def. Mem. at 2). For the reasons set forth below, the Government submits that the Court should impose a sentence within the applicable Guidelines Range set forth in the plea agreement of 8 to 14 months' imprisonment in order to reflect the seriousness of the crime and promote general deterrence to the public at large.

**Preliminary Statement**

      By cross-referencing the electronic death data of deceased individuals in New York City against United States passport records, the Government discovered that ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was a 15-year old who died in 1987 due to a congenital heart condition. That same ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ had also applied for U.S. passports in 2012, and in 2003.

      The investigation eventually resulted in the arrest of Grace Ahadzie, the defendant, who had worked as a home hospice aide in or about 2002 for ▮▮▮▮▮▮▮▮▮▮▮▮ the mother of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ died in 2007. In or about 2003, the defendant assumed the identity of the deceased daughter of ▮▮▮▮▮▮▮▮▮▮ for whom the defendant was caring. In 2004, the defendant married her husband, and immediately thereafter

Hon. Paul A. Engelmayer
October 10, 2013
Page 2

used the stolen identity to petition for her husband and son for legal permanent residency status in the United States.  The defendant also used the stolen identity to obtain federal benefits, including food stamps.

    The defendant was originally arrested by complaint on October 26, 2012, and charged with one count of making false statements in a passport application, in violation of Title 18, United States Code, Section 1542, and one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A, which carries a mandatory minimum of two years of imprisonment.  The defendant was subsequently indicted on those charges on February 20, 2013.

    Taking into consideration the personal circumstances of the defendant, as represented by defense counsel, the Government exercised its prosecutorial discretion and agreed to supersede and remove the aggravated identity theft charges and, thus, remove the statutory requirement of a mandatory minimum and enable the Court to consider the Guidelines Range and exercise its discretion at sentencing.  The Government also charged the defendant with theft of government funds, in violation of Title 18, United States Code, Section 641, as the defendant did, in fact, defraud the federal Government by applying for and receiving food stamps using the identity which she knowingly stole from an innocent victim.

    The Government now asks that the Court impose a sentence within the Guidelines Range – as set forth in the parties' plea agreement – because that sentence adequately and appropriately takes into account the defendant's wrongful conduct and the seriousness of the offense.  In fact, the Government submits that the Guidelines Range actually understates the seriousness of the offense as the defendant (i) stole the identity of an innocent victim; (ii) used the identity for at least a decade to obtain status for herself in the United States; (iii) falsely submitted applications for federal benefits, including food stamps, knowing she was not entitled to those benfits; (iv) made false statements in a passport application in 2003, and then again in 2012 so that she could obtain a U.S. passport and make multiple trips to Ghana – the place she now claims she fears; and (v) applied to adjust the status of her husband (whom she married in 2004), shortly after she began using the stolen identity.  But the defendant entered the country illegally, without status, and was not entitled to any of these benefits in the first instance.

**A Sentence Within the Guidelines Range**
**As Set Forth in the Plea Agreement Is Proper**

    The defendant submits that a sentence of probation is proper based on the defendant's history and characteristics and the terrible experiences in her life.  While the events of the defendant's life, as represented by defense counsel, are without a doubt, tragic, the defendant's history and characteristics are one factor of several to consider.  In this case, the Government advocates for a Guidelines Sentence primarily to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct.  Simply put, the stealing of an

Hon. Paul A. Engelmayer
October 10, 2013
Page 3

identity of a vulnerable victim is serious and warrants punishment – even with the tragic personal circumstances of the defendant.  So does using that stolen identity to further receive benefits to which one was not entitled.  The defendant used the name of Erika Crutchfield, her date of birth, her social security number, her place of birth, her birth certificate, etc., over and over again in applications for passports, federal benefits, and immigration benefits.  The conduct is serious and the need for general deterrence to prevent the theft of identities is a significant factor.

In sum, the Government submits that a sentence as set forth in the plea agreement would "promote respect for the law," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct."  *See* 18 U.S.C. § 3553(a)(2)(A-B).

## Conclusion

For the reasons set forth herein, the Government submits that a sentence within the range of 8 to 14 months' imprisonment is appropriate.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Carolina A. Fornos
Carolina A. Fornos
Assistant United States Attorney
Southern District of New York
(212) 637-2740

**Via E-mail and ECF**
cc:   Chris Flood, Esq.
       Elizabeth Kostrzewa, Esq.