AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| GRACE AHADZIE, a/k/a "Erika Katherine Crutchfield"; "Erika K. Akaba"; "Grace" | ) ) ) ) ) ) | Case Number: 1: S1 13 Cr. 00123-001(PAE) <br> USM Number: 67571-054 <br> Elizabeth a. Kostrzewa, Esq. <br> Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    S1 Counts One and Two

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1542 | False statement in application for a U.S. passport | 7/6/2012 | One |
| 18 USC §641 | Theft of government funds | 12/31/2011 | Two |

    The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    remaining    ☐ is    ☑ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/13
```

10/17/2013
Date of Imposition of Judgment

*Paul A. Engelmayer* (signature)
Signature of Judge

PAUL A. ENGELMAYER, U.S. DISTRICT JUDGE
Name and Title of Judge

10/18/13
Date

DEFENDANT: GRACE AHADZIE, a/k/a "Erika Katherine Crutchfie
CASE NUMBER: 1: S1 13 Cr. 00123-001(PAE)

Judgment—Page 2 of 6

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Three (3) years with a special condition of eight months of home confinement.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GRACE AHADZIE, a/k/a "Erika Katherine Crutchfie
CASE NUMBER: 1: S1 13 Cr. 00123-001(PAE)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the conditions of Location Monitoring for a period of eight months, which program may include electronic or voice identification. During this time the defendant will remain at her place of residence except for employment and other activities, as approved by the probation officer. The defendant will maintain a telephone at her place residence without call forwarding, a modem, caller ID, or call waiting for the above period; portable cordless telephones are not permitted. Location Monitoring shall commence on a date to be determined by the probation officer. Should a term of Location Monitoring be imposed, the defendant shall pay the costs of Location Monitoring on a self-payment or co-payment basis as directed by the probation officer.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

4. The defendant shall obey the immigration laws and comply with the directives of immigration authorities.

5. The defendant shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

6. The defendant shall pay restitution in the amount of $4,495. Restitution shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the date of the judgment. The Court strongly recommends that any funds forfeited by the defendant be applied towards her restitution obligation, pursuant to the Department of Justice's restoration policy.

7. The defendant shall perform 100 hours of community service as directed by the Probation Department.

8. The defendant shall report to the nearest Probation office within 72 hours of release from custody.

9. The defendant shall be supervised in the district of her residence.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  4  of  6

DEFENDANT: GRACE AHADZIE, a/k/a "Erika Katherine Crutchfie
CASE NUMBER: 1: S1 13 Cr. 00123-001(PAE)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 4,495.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk of Court (incl. deft. name and docket number) 500 Pearl Street, New York, N.Y. 10007 to be forwarded to the U.S. Department of Agriculture | $4,495.00 | $4,495.00 | 1 |
| **TOTALS** | $ 4,495.00 | $ 4,495.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page __5__ of __6__

DEFENDANT: GRACE AHADZIE, a/k/a "Erika Katherine Crutchfie
CASE NUMBER: 1: S1 13 Cr. 00123-001(PAE)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __4,695.00__ due immediately, balance due

      ☐ not later than _____ , or
      ☑ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

      Special assessment of $200.00 due immediately.
      Restitution in the amount of $4,495.00 shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the date of the judgment.
      The Court strongly recommends that any funds forfeited by the defendant be applied towards her restitution obligation, pursuant to the Department of Justice's restoration policy.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment—Page  6  of  6

DEFENDANT: GRACE AHADZIE, a/k/a "Erika Katherine Crutchfiel
CASE NUMBER: 1: S1 13 Cr. 00123-001(PAE)

## ADDITIONAL FORFEITED PROPERTY

See copy of Order attached.

Case 1:13-cr-00123-PAE   Document 13   Filed 04/16/13   Page 1 of 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                  :
                                          :
        -v.-                              :
                                          :   CONSENT PRELIMINARY
GRACE AHADZIE,                            :   ORDER OF
    a/k/a "Erika Katherine Crutchfield,"  :   FORFEITURE/
    a/k/a "Erika K. Akaba,"               :   MONEY JUDGMENT
    a/k/a "Grace,"                        :
                                          :   S1 13 Cr. 123 (PAE)
                Defendant.                :
                                          :
- - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 10, 2013, GRACE AHADZIE, a/k/a "Erika Katherine Crutchfield," a/k/a "Erika K. Akaba," a/k/a "Grace," (the "defendant"), was charged in a two-count Superseding Information, S1 13 Cr. 123 (PAE) (the "Information"), with making false statements in an application for a passport, in violation of 18 U.S.C. § 1542 (Count One); and theft of government funds, in violation of 18 U.S.C. §§ 641 and 2 (Count Two);

        WHEREAS, the Information included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, constituting or derived from proceeds traceable to the offense alleged in Count Two of the Information;

1

WHEREAS, on or about April __, 2013, the defendant pled guilty to Counts One and Two of the Information and admitted the forfeiture allegation, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation and agreed to forfeit a sum of money equal to at least $4,495 in United States currency, representing all property, real and personal, constituting or derived proceeds traceable to the offense charged in Count Two;

WHEREAS, the defendant consents to a money judgment in the amount of $4,495 in United States currency, representing the proceeds obtained as a result of the offense charged;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Carolina A. Fornos, of counsel, and the defendant, and her counsels, Elizabeth Kostrezewa, Esq. and Christopher Flood, Esq. that:

1. As a result of the offense charged in Count Two of the Information, to which the defendant pled guilty, a money judgment in the amount of $4,495 in United States currency (the "Money Judgment") shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary

2

Order of Forfeiture/Money Judgment, this Order is final as to the defendant, GRACE AHADZIE, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. Upon execution of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production

of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7.  The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Carolina A. Fornos, Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

**SPACE INTENTIONALLY**

**LEFT BLANK**

4

8.  The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          4/10/2013
    CAROLINA A. FORNOS                         DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2740

GRACE AHADZIE

By: _____          4/10/2013
    GRACE AHADZIE                              DATE

By: _____          4/10/2013
    ELIZABETH KOSTRZEWA, ESQ.                  DATE
    CHRISTOPHER FLOOD, ESQ.
    Attorneys for Defendant
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, NY 10007

SO ORDERED:

_____Paul A. Engelmayer_____          4/10/13
HONORABLE PAUL A. ENGELMAYER                  DATE
UNITED STATES DISTRICT JUDGE

5